IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| STEVEN M. JACOBS, | ) | CASE NO.  5:21-CV-02332-BYP |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE BENITA Y. PEARSON |
| vs. | ) | UNITED STATES DISTRICT JUDGE |
| | ) | |
| WARDEN JAY FORSHEY, | ) | MAGISTRATE JUDGE |
| | ) | JONATHAN D. GREENBERG |
| Defendant. | ) | |
| | ) | **REPORT & RECOMMENDATION** |
| | ) | |

This matter is before the magistrate judge pursuant to Local Rule 72.2.  Before the Court is the Petition of Steven M. Jacobs  ("Jacobs" or "Petitioner"), for a Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254. (Doc. No. 1) From 2016-2022, Jacobs was in the custody of the Ohio Department of Rehabilitation and Correction pursuant to journal entry of sentence in the case *State v. Jacobs,* Stark County Common Pleas Court Case No. 2016 CR 1431. The undersigned recommends that the Petition be **DENIED** because it is time barred.

## I.      Standing

In an August 26, 2022, filing with this Court, Jacobs informed the Court of his recent release from prison. (Doc. No. 14) Records from the Ohio Department of Correction and Rehabilitation website confirm that Jacobs was released on July 24, 2022, and began a five-year term of supervision at that time.[1] For the following reasons, Jacobs' release did not moot his habeas petition and Jacobs meets the "in custody" requirement of 28 U.S.C. § 2254(a).

---

[1] See https://appgateway.drc.ohio.gov/OffenderSearch/Search/Details/A691591.

It is not axiomatic that a habeas petition is mooted by the expiration of a petitioner's sentence. *See Demis v. Sniezek*, 558 F.3d 508, 515 (6th Cir. 2009); *Brock v. United States Dep't of Justice*, 256 Fed.Appx. 748, 750 (6th Cir.2007)). "Historically, 'in custody' meant physical restraint or imprisonment…But the Supreme Court broadened the conception of 'in custody' in two cases: *Jones v. Cunningham*, 371 U.S. 236, 83 S.Ct. 373, 9 L.Ed.2d 285 (1963), and *Hensley v. Municipal Court*, 411 U.S. 345, 93 S.Ct. 1571, 36 L.Ed.2d 294 (1973)." *Corridore v. Washington,* 71 F.4th 491, 495 (6th Cir. 2023). In *Hensley*, the Court held that a recognizance bond qualified as being "in custody" where the petitioner had to "appear at all times and places as ordered by the court" and where the court could "revoke the order of release" if he failed to appear. *See Hensley*, 411 U.S. at 348, 93 S.Ct. 1571. Similarly, the Sixth Circuit has held that a petitioner subject to post-release control and supervised release satisfies the "in custody" requirement. *Alford v. United States*, No. 16-4750, 2017 WL 6759126, at *2 (6th Cir. July 19, 2017) (finding petitioner who was serving a five-year term of supervised release met the "in custody" requirement); *In re Stansell*, 828 F.3d 412, 416 (6th Cir. 2016) ("Individuals subject to post-release control, like individuals subject to supervised release in the federal system, satisfy the 'in custody' requirement. As Jacobs' Petition attacks his underlying conviction, and Jacobs is presently serving a five-year term of supervised release, he is still "in custody" for the purpose of  §2254 and this Court has standing to review his Petition.

## II. Procedural History

### A. Trial Court Proceedings

On September 27, 2016, a Stark County, Ohio grand jury indicted Jacobs on one first-degree felony Rape charge in violation of O.R.C. 2907.02(A)(1)(C) and one third-degree felony Failure to Comply charged in violation of O.R.C. 2921.331(B)(C)(5)(a)(ii). (Doc. No. 5-1, Ex. 1) The offenses

2

were prosecuted in Stark County Common Pleas Court Case No. 2016-CR-1431, *State v. Steven M. Jacobs*. (*Id.*, Ex. 2)

Through counsel, Jacobs filed an alibi notice (*Id.*, Ex. 3), motion for grand jury transcripts (*Id.*, Ex. 4), motion for separate trials (*Id.*, Ex. 5), and a motion to compel election. (*Id.*, Ex. 6) The trial court severed the charges. The trial court denied Jacobs' motion for grand jury transcripts (*Id.*, Ex. 8), and sealed the grand jury transcripts. (*Id.*, Ex. 9)

On October 17, 2016, Jacobs pled guilty to the Failure to Comply charge and the trial court sentenced Jacobs to 2 years in prison. (*Id.*, Ex. 7) The sentencing entry was journalized on October 21, 2016. (*Id.*) On November 10, 2016, Jacobs pled guilty to the Rape charge. The trial court sentenced Jacobs to 4 consecutive years in prison, classified Jacobs as a Tier III sex offender, and journalized the sentencing entry on November 22, 2016. (*Id.*, Ex. 10) Jacobs did not timely file a direct appeal in the state appellate court and his filing deadline expired December 22, 2016. See Ohio App.R. 4(A)(1); Ohio App.R. 14(A).

Respondent states that because Jacobs did not timely file a direct appeal, his trial court sentencing proceedings were recorded but never transcribed. (Doc. No. 5 at 3) Nonetheless, Respondent contends that the transcripts are not needed to resolve Jacobs' habeas claims. (Id.) Rule 5 of the Rules Governing §2254 cases states that:

> The respondent must attach to the answer parts of the transcript that the respondent considers relevant. The judge may order that the respondent furnish other parts of existing transcripts or that parts of untranscribed recordings be transcribed and furnished.

Respondent is only required to attach relevant parts of the transcript. Consistent with Rule 5, courts in this Circuit have denied requests to transcribe untranscribed proceedings where petitioner has not demonstrated how the proceedings are relevant to his petition. *Dellinger v. Bell*, No. 3:09-CV-104, 2010 WL 3431766, at *3 (E.D. Tenn. Aug. 31, 2010) (denying motion for transcription of untranscribed

3

proceedings because the proceeding was not relevant to the issues raised in habeas petition.); *Fernbach v. Mack*, No. 3:10-CV-040, 2010 WL 1956583, at *2 (S.D. Ohio May 13, 2010) (denying request to have state court proceeding transcribed because the proceeding was not necessary to determine habeas claim). Here, Jacobs has not made a request for the proceedings to be transcribed and the proceedings do not appear to be needed for the determination of the claims in Jacobs' Petition.[2] Moreover, the claims are not relevant to the resolution of his Petition because it is time barred. *Hudson v. Tibbals,* No. 1:12CV0784, 2013 WL 633711, at *11 (N.D. Ohio Jan. 22, 2013), report and recommendation adopted sub nom. Hudson v. Tibbles, No. 1:12CV784, 2013 WL 626447 (N.D. Ohio Feb. 20, 2013)(" Once a determination was made that this case is time barred, the need to obtain a transcribed record has been eliminated.") Based on the above, the Court agrees that the hearing transcripts are not necessary for resolution of Jacobs' Petition.

**B.      Delayed Direct Appeals**

      **1.  Motion for Leave to File Delayed Appeal**

On March 5, 2020, under Case No. 2020 CA 00061, Jacobs filed a *pro se*[3] motion for leave to file a delayed direct appeal (Doc. No. 5-1, Ex. 11) with a supporting brief (*Id.*, Ex. 12) in the state appellate court. The State filed an oppositional response. (*Id.*, Ex. 13) On April 21, 2020, the appellate court denied Jacobs' motion for leave. (*Id.*, Ex. 14) Post-judgment, Jacobs filed two replies to the State's response to his motion for leave to file a delayed appeal (*Id.*, Ex. 15)( *Id.*, Ex. 16), a motion for an answer and reason for denying leave to file a delayed appeal. (*Id.*, Ex. 17)

---

[2] All claims in the Petition argue that the trial court did not sever his case because he was sentenced under the same case number for both convictions. A transcript of the separate sentencing hearings would not be needed to resolve this issue.
[3] All state and federal court filings by Jacobs, following the journalization of his conviction and sentence on November 22, 2016, were filed *pro se*.

4

### 2. Duplicate Notice of Appeal

On March 17, 2020, under Case No. 2020 CA 00060, Jacobs filed an untimely appeal notice (*Id.*, Ex. 21) that referenced a March 5, 2020 trial court entry. The State filed a response. (*Id.*, Ex. 22) Jacobs filed a reply (*Id.*, Ex. 23), two motions to appoint counsel (*Id.*, Ex. 24)( *Id.*, Ex. 25), a letter to the court (*Id.*, Ex. 26), a second reply (*Id.*, Ex.), and a merit brief. (*Id.*, Ex. 28)

The state appellate court determined that there were numerous filing errors in Case No. 2020 CA 00060, and ordered Jacobs to file a complete docketing statement because the state appellate court could not identify a March 5, 2020 trial court order. (*Id.*, Ex. 29) Jacobs then filed a motion to proceed in layman terms (*Id.*, Ex. 30), a motion for an answer and reason for denying leave to file a delayed appeal (*Id.*, Ex. 31), and a motion for leave to file a delayed appeal. (*Id.*, Ex. 32)

On August 10, 2020, the state appellate court determined that the trial court did not file a judgment on March 5, 2020. The court further determined that Case No. 2020 CA 00060 was duplicate of Jacobs' appeal in Case No. 2020 00061 and denied Jacobs leave to file a delayed appeal. (*Id.*, Ex. 33) Jacobs did not appeal the order the the Ohio Supreme Court.

### 3. Ohio App. R. 26(B) application

On August 28, 2020, under Case 2020 CA 00061, Jacobs filed an Ohio App.R. 26(B) application to reopen his direct appeal due to ineffective assistance of appellate counsel with an affidavit in support. (*Id.*, Exs. 18, 19) On October 21, 2020, the state appellate court denied Jacobs' application because Jacobs did not have appellate counsel for his delayed appeal. (*Id.*, Ex. 20) Jacobs did not appeal the decision

**C.     Post-Conviction Relief**

On August 18, 2018, Jacobs filed several motions for specified case records with the trial court, which the trial court subsequently denied. (Doc. No. 5-1, Ex. 34) Jacobs also filed several letters, and the trial court denied the letters to the extent that they requested relief. (*Id.*, Ex. 35)

On November 25, 2019, Jacobs filed a motion to withdraw his guilty pleas pursuant to Ohio Crim. R. 32.1. (*Id.*, Ex. 36) The trial court denied the motion on December 3, 2019. (*Id.*, Ex. Exhibit 37) Jacobs did not appeal that determination.

On March 17, 2020, Jacobs filed a motion to vacate and set aside costs, fine(s), or restitution in felony O.R.C. 2929.18(E). (*Id.*, Ex. 38) The trial court denied Jacobs' motion on April 23, 2020, (*Id.*, Ex. 39) Jacobs did not file an appeal from that order.

On July 16, 2020, Jacobs filed a motion to dismiss for violation of the speedy trial act. (*Id.*, Ex. 40) The trial court denied the motion on July 17, 2020. (*Id.*, Ex. 41) Jacobs filed an untimely appeal notice in the state appellate court on August 21, 2020. (*Id.*, Ex. 42) The state appellate court ordered Jacobs to comply with Local App.R. 6(A) and file a completed Docketing Statement. (*Id.*, Ex. 43) Jacobs instead filed a brief. (*Id.*, Ex. 44) The State responded with a motion to dismiss. (*Id.*, Ex. 45). On November 23, 2020, the state appellate court struck Jacobs' brief from the record because it did not comply with the local appellate rules and denied the State's motion to dismiss. (*Id.*, Ex. 46) Jacobs filed another brief with the appellate court (*Id.*, Ex. 47), along with a document labeled "contents of brief." (*Id.*, Ex. 48) The State filed a motion to dismiss (*Id.*, Ex. 49), and Jacobs filed a rebuttal (*Id.*, Ex. 50). On February 16, 2021, the state appellate court granted the State's motion to dismiss and dismissed Jacobs' appeal as untimely. (*Id.*, Ex. 51)

On March 16, 2021, Jacobs filed an appeal notice (*Id.*, Ex. 52) and a motion for leave to file a delayed appeal (*Id.*, Ex. 53) in the Ohio Supreme Court. The Ohio Supreme Court granted Jacobs' leave to file a delayed appeal. (*Id.*, Ex. 54) On May 18, 2021, Jacobs filed a memorandum in support

6

of jurisdiction in which he alleged state speedy trial and double jeopardy claims (*Id.*, Ex. 55), he later filed an amended memorandum (*Id.*, Ex. 56) and a second amended memorandum. (*Id.*, Ex. Exhibit 57) On July 20, 2021, under Case No. 2021-0534, the Ohio Supreme Court declined to accept jurisdiction of Jacobs' appeal pursuant to Ohio S.Ct.Prac.R. 7.08(B)(4). (*Id.*, Ex. 58) Post-judgment, Jacobs filed a motion for order of relief (*Id.*, Ex. 59), which the Ohio Supreme Court denied as moot. (*Id.*, Ex. 60)

On February 18, 2021, Jacobs filed a motion for judicial release in the trial court. (*Id.*, Ex. 61) The motion was denied on February 22, 2021. (*Id.*, Ex. 62) Jacobs did not timely appeal, and his appellate filing deadline expired March 22, 2021. *See* Ohio App.R. 4(A)(1); Ohio App.R. 14(A).

**D.      Federal Habeas Petition**

Jacobs represents that he placed his 28 U.S.C. § 2254 habeas petition in the prison mail system on December 2, 2021. The petition was filed with this Court on December 10, 2021. (Doc. No. 1) In his petition, Jacobs asserted the following ground for relief:

> **GROUND ONE:** Wrongful conviction and illegal sentence.
> **Supporting Facts:** Defendant was convicted for a driving charge but convicted on a sex case No. was told he could earn day of credit but cannot because of sex case number, cases were supposedly severed in open court. Never happened.

> **GROUND TWO:** 90 day speedy trial violation.
> **Supporting Facts:** Once convicted of Failure to Comply – cases were severed before sentencing, and Defendant went back to court 23 days later on November 20th, 2016 (*sic*) and sentenced on same case number, so cases were not severed, and 90 day speedy trial was violated.

> **GROUND THREE:** Double Jepardy. (*sic*)
> **Supporting Facts:** Once convicted on Failure to Comply (Case No. 2016 CR 1431) Cases were supposedly severed, but when Defendant went to court on November 10, 2016, Defendant was sentenced on same Case No. 2016 CR 1431 – hence Double Jepardy (*sic*).

> **GROUND FOUR:** Cases were severed in open court, severance never happened.

> **Supporting Facts:** Defendant's Lawyer visited him in Stark County Jail and told him since he would not sign a time waiver for speedy trial the prosecution would sever the cases to get past the 90 day speedy deadline, and he did sever the cases on Oct. 7, 2016. But Defendant back in on Nov. 10, 2016 and was sentenced again on same case number. Cases were never severed.

(Doc. No. 1 at 5-10) On February 14, 2022, Warden Jay Forshey ("Respondent") filed his Return of Writ. (Doc. No. 5) On March 7, 2022, Jacobs filed a motion requesting a 30-day extension to file his Traverse and requested additional evidence. (Doc. No. 6) On April 14, 2022, the Court granted Jacobs' motion in part. (Doc. No. 7) The Court ordered Respondent to file certified copies of relevant state court dockets within 14 days. The Court also granted Jacobs' request for more time and ordered him to file his Traverse by May 31, 2022.

On May 25, 2022, Jacobs filed a second 30-day extension request for filing his Traverse and a motion for appointment of counsel. (Doc. Nos. 9 & 10) Respondent filed an opposition to the appointment of counsel. (Doc. No. 11) The next day, the Court denied Jacobs' request for counsel, but granted Jacobs additional time to file his traverse (until June 30, 2022). (Doc. No. 12) Jacobs did not file his Traverse by June 30, 2022, as ordered.

On August 26, 2022, Jacobs filed a third motion for extension of time to file his Traverse and asked the Court for an additional 90 days to file. (Doc. No. 14) In his continuance request, Jacob stated that he had been recently release from prison. Records from the Ohio Department of Correction and Rehabilitation website confirm that Jacobs was release on July 24, 2022, and began a five-year term of supervision at that time.[4] When Jacobs filed his third requested extension, more than 5 months had

---

[4] See https://appgateway.drc.ohio.gov/OffenderSearch/Search/Details/A691591. It is not axiomatic that a habeas petition is mooted by the expiration of a petitioner's sentence. *See Demis v. Sniezek*, 558 F.3d 508, 515 (6th Cir. 2009); *Brock v. United States Dep't of Justice*, 256 Fed.Appx. 748, 750 (6th Cir.2007)). Petitioners subject to post-release control and supervised release, can satisfy the "in custody" requirement. *In re Stansell*, 828 F.3d 412, 416 (6th Cir. 2016)(citing *United States v. Sandles*, 469 F.3d 508, 517–18 (6th Cir.2006); *Kusay v. United States*, 62 F.3d 192, 193 (7th Cir.1995)); *See also Nasheed v. Sepanek*, No. 12-CV-65-HRW, 2013 WL 323947, at *2 (E.D. Ky. Jan. 28, 2013)(finding petitioner met "in custody" requirement during 4-year term of supervised release).

elapsed since the original deadline for Jacobs' Traverse. On August 26, 2022, the Court denied Jacobs'

third extension request. Accordingly, no Traverse was filed in this matter and the case is ripe for review.

### III.      Law and Argument

**A.      Statute of Limitations**

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) provides a one-year

limitations period in a habeas action brought by a person in custody pursuant to the judgment of a State

court.  Under 28 U.S.C. § 2244(d)(1), the limitation period runs from the latest of--

> (A) the date on which the judgment became final by the conclusion of direct
> review or the expiration of the time for seeking such review;

> (B) the date on which the impediment to filing an application created by State
> action in violation of the Constitution or laws of the United States is removed, if
> the applicant was prevented from filing by such State action;

> (C) the date on which the constitutional right asserted was initially recognized by
> the Supreme Court, if the right has been newly recognized by the Supreme Court
> and made retroactively applicable to cases on collateral review; or

> (D) the date on which the factual predicate of the claim or claims presented could
> have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

**B.      One-Year Limitation**

As there is no indication that §2244(d)(1)(B)-(D) apply here, Jacobs' AEDPA's one year

limitation period runs from "the date on which [his] judgment became final by the conclusion of direct

review or the expiration of the time for seeking such review."  28 U.S.C. § 2244(d)(1)(A). Judgment

was entered on Jacobs' severed charges on October 21, 2016 (Failure to Comply) and November 22,

2016 (Rape). (Doc. No. 5-1 at Exs. 7 & 10) Jacobs did not file a timely direct appeal and his deadline to

do so expired on December 22, 2016. Ohio App. R. 4(A)(1); Ohio App. R. 14(A). His conviction and

sentence became "final" for purposes of §2244(d)(1)(A) on December 23, 2016.  The habeas limitations period commenced on December 23, 2016, and ended on December 26, 2017.[5]

## C.      Statutory Tolling

AEDPA tolls the one-year limitations period during the time "'a properly filed application for State postconviction or other collateral review . . . is pending.' § 2244(d)(2)." *Evans v. Chavis*, 546 U.S. 189, 191, 126 S.Ct. 846, 163 L.Ed.2d 684 (2006); *Carey v. Saffold*, 536 U.S. 214, 122 S.Ct. 2134, 153 L.Ed.2d 260 (2002); *accord Matthews v. Abramajtys*, 319 F.3d 780, 787 (6th Cir. 2003) A timely filed state post-conviction matter, however, cannot serve to toll a statute of limitations which has already expired before the motion was filed.  *See Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003). Section 2244(d)(2)'s tolling provision "does not ... 'revive' the limitations period (i.e., restart the clock at zero); it can only serve to pause a clock that has not yet fully run.  Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations." *Vroman*, 346 F.3d at 602 (citation omitted).  Further, if a state court ultimately denies a petition as untimely, that petition was neither properly filed nor pending and a petitioner would not be entitled to statutory tolling.  *See Monroe* at *2; *Thorson v. Palmer*, 479 F.3d 643, 645 (9th Cir. 2007).

A review of the record reveals that Jacobs made no filings between November 22, 2016 (the date his later sentence was finalized) and December 26, 2017 (the date the AEDPA statute of limitations expired). Jacob did not file any motions or petitions for collateral post-conviction relief in the trial court until August 13, 2018, nearly 8 months after the ADEDPA statute of limitations expired. (Doc. No. 5-1, Exs. 34 & 35 and See also Docket, Doc. No. 8-1 at 4-5) Jacobs did not file his motion for delayed appeal with the state appellate court until March 17, 2020, more than 2 years after his habeas deadline

---

[5] December 26, 2017, is a Monday.

expired.[6] As noted, state collateral review proceedings can no longer serve to avoid the statute of

limitations bar once the limitations period is expired.  *See Vroman*, 346 F.3d at 602.  Because Jacobs did

not file <u>any</u> motions with the state court until well after the limitations period expired, his motions did

not have any further tolling effect.

   As the statutory limitations period expired on December 26, 2017, and Jacobs did not file his

habeas petition until December 10, 2021, the Court finds the Petition is almost 4 years late and is

untimely under § 2244(d)(1)(A).  Therefore, unless equitable tolling is appropriate, Jacobs' Petition

should be dismissed as time barred. §2244(d)(1)(B)-(D).

**D.    Equitable Tolling**

   The AEDPA statute of limitations is subject to equitable tolling.  *Holland v. Florida,* 560 U.S.

2549, 2560, 2562 (2010).  Equitable tolling "allows courts to toll a statute of limitations when a

litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond

that litigant's control."  *Robertson v. Simpson*, 624 F.3d 781, 783 (6th Cir. 2010).  *See also Hall v.*

*Warden, Lebanon Correctional Institution*, 662 F.3d 745, 749 (6th Cir. 2011). However, the equitable

tolling doctrine is granted by courts only "sparingly."  *See Robertson*, 624 F.3d at 784.  Moreover,

"although 'the party asserting statute of limitations as an affirmative defense has the burden of

demonstrating that the statute has run,' the petitioner bears the ultimate burden of persuading the court

that he or she is entitled to equitable tolling."  *Ata v. Scutt*, 662 F.3d 736, 741 (6th Cir.2011)(quoting

*Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir. 2002)).

   A  habeas petitioner is entitled to equitable tolling only if he establishes "(1) that he has been

pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and

---

[6] The Court does not form an opinion as to whether any of Jacobs' post-sentencing filings were "properly filed" for purposes of §2244(d)(2) because Jacob did not make any filings prior to the expiration of his AEDPA statute of limitations deadline on December 26, 2017.

prevented timely filing." *Holland*, 560 U.S. at 649 (internal quotations omitted). It is Jacobs' burden to

establish his entitlement to equitable tolling. *See Reed v. Smith*, No. 5:17-CV-P51-TBR, 2017 WL

2663693, at *2 (W.D. Ky. June 20, 2017) (declining to review equitable tolling where it did not appear

that petitioner made an equitable tolling argument). The Sixth Circuit has repeatedly held that

"ignorance of the law alone is not sufficient to warrant equitable tolling." *Rose v. Dole*, 945 F.2d 1331,

1335 (6th Cir. 1991). *See Allen v. Yukins*, 366 F.3d 396, 403 (6th Cir. 2004); *Allen v. Bell*, 250 Fed.

Appx. 713, 716 (6th Cir. 2007); *Taylor v. Palmer*, 623 Fed. Appx. 783, 789 (6th Cir. 2015). *See also*

*Johnson v. United States*, 544 U.S. 295, 311, 125 S.Ct. 1571, 161 L.Ed.2d 542 (2005) ("[w]e have

never accepted *pro se* representation alone or procedural ignorance as an excuse for prolonged

inattention when a statute's clear policy calls for promptness"); *Patrick v. Bunting*, 2015 WL 10488878

at * 9 (N.D. Ohio Dec. 29, 2015). Moreover, courts within this Circuit have found a petitioner's *pro se*

status, lack of legal training, poor education, and/or limited law-library access, standing alone, are

similarly insufficient. *See e.g., Hall*, 662 F.3d at 751 (petitioner's *pro se* status, limited law-library

access and lack of access to trial transcript were not sufficient to warrant equitable tolling); *Keeling*,

673 F.3d at 464 ("Keeling's *pro se* status and lack of knowledge of the law are not sufficient to

constitute an extraordinary circumstance and to excuse his late filing"); *Burden v. Bunting*, 2016 WL

5417834 at * 6 (N.D. Ohio July 15, 2016) ("Courts have uniformly held that neither a prisoner's *pro se*

status nor his lack of knowledge of the law constitute extraordinary circumstances justifying equitable

tolling"); *Johnson v. LaRose*, 2016 WL 5462635 at * 10 (N.D. Ohio July 8, 2016) ("A petitioner's *pro*

*se* status and his unawareness of the law provide no basis for equitable tolling").

Jacobs did not file a Traverse and did not make any argument in his Petition that he is entitled to

equitable tolling. Further, the state court record does not suggest diligence or extraordinary

circumstances. Accordingly, equitable tolling does not apply.

12

**E.    Actual Innocence**

Since Jacobs is not entitled to statutory or equitable tolling, his petition is time-barred unless he can demonstrate he is entitled to actual innocence tolling. In *McQuiggin v. Perkins*, ⸺ U.S. ⸺, 133 S.Ct. 1924, 1928, 185 L.Ed.2d 1019 (2013), the United States Supreme Court held that actual innocence, if proven, may overcome the expiration of AEDPA's one-year statute of limitations. The Court noted that a claim of actual innocence is not a request for equitable tolling but, rather, a request for an equitable exception to § 2244(d)(1). *Id*. at 1931.

For the actual innocence exception to apply, a petitioner must "support his allegations of constitutional error with new reliable evidence–whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence–that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995).  The Supreme Court explained, however, that "tenable actual-innocence gateway pleas are rare" and "'[a] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" *McQuiggin*, 133 S.Ct. at 1928 (quoting *Schlup*, 513 U.S. at 329).  In making this assessment, "'the timing of the [petition]' is a factor bearing on the 'reliability of th[e] evidence' purporting to show actual innocence." *Id*. (quoting *Schlup*, 513 U.S. at 332).

Here, Jacobs has not made an actual innocence argument. His petition does not identify any new evidence, much less new and reliable evidence demonstrating that "no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *McQuiggin*, 133 S.Ct. at 1928. Accordingly, the Court finds Jacobs has not demonstrated he is entitled to the actual innocence exception.

## IV.    Conclusion

For all the reasons set forth above, it is recommended that the Petition be **DENIED.**

Date: July 25, 2023                               *s/ Jonathan Greenberg*
                                                  Jonathan D. Greenberg
                                                  United States Magistrate Judge

### OBJECTIONS

**Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after being served with a copy of this document.  Failure to file objections within the specified time may forfeit the right to appeal the District Court's order.  *Berkshire v. Beauvais*, 928 F.3d 520, 530-31 (6th Cir. 2019).**

14